[No. 2558.]

## A. BEHRENS *v*. THE STATE.

1. MALICIOUS MISCHIEF—CHARGE OF THE COURT.—In a trial for malicious mischief alleged to have been committed by pulling down a fence, the trial court charged the jury that "the title to the land is not a question for your consideration, only so far as to show to whom belongs the rightful possession of the fence." *Held*, error, because inapplicable to any possible state of facts, and having been excepted to, notwithstanding the record brings up no statement of facts, this court has no alternative but to reverse the judgment of conviction.

2. SAME—POSSESSION.—In a trial for malicious mischief by pulling down a fence, the inquiry in regard to possession should be confined to the actual, quiet and peaceable possession, and not extend to the rightful possession of the fence.

APPEAL from the County Court of Williamson. Tried below before the Hon. G. W. Glasscock, County Judge.

The information in this case was joint against the appellant and Henry and Harn Behrens, charging them with pulling down the fence of William Ilse, in Williamson county, Texas, on the sixth day of May, 1882. The appellant being alone upon trial was convicted, and fined ten dollars and costs. The record brings up no statement of facts.

*Makemson & Price,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted for pulling down, breaking and injuring the fence of William Ilse.

In instructing the jury upon the subject of possession of the fence, the court below gave this charge: "The title to the land is not a question for your consideration, only so far as to show to whom belongs the rightful possession of the fence." To this charge the defendant excepted.

There being no statement of facts, can this court, conceding the charge to be erroneous, reverse the judgment because of said error? If the charge is inapplicable to any state of facts,

being excepted to at the time, we are left no alternative but to reverse. (Code Crim. Proc., Art. 685.)

Could there be a state of facts to which this charge would apply as the law governing the same? We think not. The rule upon this subject is stated in *Johnson* v. *The State*, 7 Texas Ct. App., 146. It is as follows: "The inquiry in regard to the possession should be confined to the question of the actual, quiet and peaceable possession, and not the rightful possession of the fence."

Whilst it is true that the evidence of Henry Behrens, a co-defendant, was relevant and apparently very material, and also true that it could not be used on the trial, he being charged with the same offense, still we cannot say the court erred in refusing a new trial, he having been subsequently acquitted, and there being no statement of facts.

For the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 28, 1883.